**Ogletree Deakins**

MEMO ENDORSED

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*Attorneys at Law*

10 Madison Avenue, Suite 400
Morristown, NJ 07960
Telephone: 973.656.1600
Facsimile: 973.656.1611
www.ogletreedeakins.com

Michael Nacchio
973.630.2328
michael.nacchio@ogletreedeakins.com

August 27, 2020

<u>Via ECF</u>

Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

> Plaintiff is directed to respond by Monday, August 31, 2020 at 5:00 PM.
>
> _____
> Edgardo Ramos, U.S.D.J
> Dated: August 28, 2020
> New York, New York

Re: *Kaitlyn Ramirez v. Temin & Company, Inc., and Davia Temin*
Case No. 20-cv-6258 (ER)

Dear Judge Ramos:

This firm represents Defendants Temin & Company, Inc, and Davia Temin ("Defendants"). Defendants respectfully submit this letter-motion for an Order sealing Document 1-2, entitled the "Turnkey Document – Office Procedures" ("Turnkey Document"), and ordering redaction to Complaint paragraphs 70, 75 (subparts inclusive), 124, 134, 135, 137, 182, fn. 10, 232, 270, 271, 275, 276, 282, 283, 284, which all cite to the Turnkey Document. Plaintiff publicly filed the "Turnkey Document" as an exhibit to a prolix 77-page complaint on August 7, 2020.[1] The Turnkey Document is sensitive commercial property of Temin & Company. As Plaintiff's counsel who filed it admits, "[t]he Turnkey Document contains extensive company and personal information including lists of client names, phone numbers, and addresses." Compl. ¶ 69. As set forth herein, the public filing of this sensitive commercial information is a violation of a NDA and a subversion of the discovery process.

While there is a presumption of public access to judicial documents, it is not absolute; the "presumption of access" is "based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). This presumption is overcome if a court determines that countervailing facts warrant confidentiality. Among the "countervailing factors" that may outweigh the public interest in disclosure are "the privacy interests of those resisting disclosure," including interests based on the need to protect sensitive commercial information. *Amodeo*, 71 F.3d at 1050; *see also* Fed. R. Civ. P. 26(c)(1)(G) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research,

---

[1] Defendants will respond to Plaintiff's Complaint within the time still afforded by Rule 12.

Atlanta ▪ Austin ▪ Berlin (Germany) ▪ Birmingham ▪ Bloomfield Hills ▪ Boston ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Denver ▪ Detroit Metro
Greenville ▪ Houston ▪ Indianapolis ▪ Jackson ▪ Kansas City ▪ Las Vegas ▪ London (England) ▪ Los Angeles ▪ Memphis ▪ Mexico City (Mexico) ▪ Miami
Milwaukee ▪ Minneapolis ▪ Morristown ▪ Nashville ▪ New Orleans ▪ New York City ▪ Orange County ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Portland ▪ Raleigh
Richmond ▪ St. Louis ▪ St. Thomas ▪ San Antonio ▪ San Diego ▪ San Francisco ▪ Seattle ▪ Stamford ▪ Tampa ▪ Toronto (Canada) ▪ Torrance ▪ Tucson ▪ Washington

**A South Carolina Professional Corporation** ▪ Peter O. Hughes ▪ New Jersey Managing Shareholder

Hon. Edgardo Ramos
*Ramirez v. Temin & Company et al.*
August 27, 2020

development, or commercial information not be revealed or be revealed only in a specified way . . . ."); *Crossman v. Astrue*, 714 F. Supp. 2d 284, 287 (D. Conn. 2009) ("[T]here can be (and often are) considerations of personal privacy . . . or a business's proprietary information . . . that can trump the right of the public to access court records."); *Encyclopedia Brown Productions. Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 612-613 (S.D.N.Y. 1998) (withholding from disclosure confidential business information that would harm defendants' competitive position).

Page 6 of 148 of the Turkey Document (in part below intentionally left unredacted in the proposed redacted filing) explains that the Turnkey Document is a "manual" of "procedures to ensure that we keep on top of the thousands of details that are a part of our business, and that we respond - to our clients, potential clients, the media, our colleagues, and all other constituencies – in <u>the</u> most professional, thoughtful, and exceptional manner possible."  (Dkt. No. 1-2, at 6).  Its every page bears "Temin and Company" in the header. The Document's thoughtful construction is sensitive, commercial, and operational "know-how" developed through a storied career. Plaintiff stole it and filed it publicly.[2]

Plaintiff converted this document in violation of the Proprietary Information and Confidentiality Agreement ("NDA") for Interns, which Plaintiff executed on December 27, 2016.[3]

The NDA executed by Plaintiff protects disclosure of "Confidential Information" as to the "Company" and as to "Third Parties." "Confidential Information" as to the Company is:

> …any past, present, or future techniques, know-how… processes, trade secrets, research activities and plans, prices, sales and customer information, customer, prospect or mailing lists, business plans, marketing plans and strategies, and business and financial information relating to the business, products, practices and techniques of the Company, clients, consultants, or licensees....

NDA at 1.  The NDA also imposed an obligation to protect confidential information relating to third parties. *Id*. at 1-2.

The NDA also imposes a "Surrender of Materials" obligation upon separation, which states:

> I agree that I will surrender to the Company, at its request, or at the conclusion of my retention, all accounts, notes, data, computer files and databases, sketches, drawings and other documents and records, and all material and physical items of any kind, including all reproductions and copies thereof, which relate in any way to the business, products, practices or techniques of the Company or contain Confidential Information, whether or not created by me, or which come into my possession by reason of my relationship with

---

[2] Defendants reserve the right to seek additional relief later.

[3] To avoid further damage to Temin & Company, we do not file the NDA but will provide the Court with a copy of the document upon request.

Hon. Edgardo Ramos
*Ramirez v. Temin & Company et al.*
August 27, 2020

the Company, and I agree further that all of the foregoing are the property of the Company.

NDA at 2. Plaintiff executed this NDA on December 27, 2016. It has no expiry date.

Even a cursory review of the 148-page Turnkey Document reveals it is replete with "techniques, know-how … processes trade secrets, research activities and plans, prices, sales and customer information, customer, prospect or mailing lists, business plans, marketing plans and strategies, and business and financial information relating to the business, products, practices and techniques of the Company…." NDA at 1. Its pages discuss Defendants' operations, business processes, financial operations, office procedures, operating procedures, and client operating procedures, among other private topics. *See*, *e.g.*, Dkt. No. 1-2, at 22, 30-31, 40-47, 48-56, 64-80, 81-84, 85-110. The document also contains IT information exposing the Company's technology and IT information to potential hackers. (*Id.* at 110-132). Plaintiff knows this is a sensitive commercial document because her counsel went page by page to apply redactions to a document of which they should never have been in possession. Their redactions are not only ineffectual, it is not their prerogative to determine confidentiality of this misappropriated document.

Furthermore, in addition to vendors, non-party employees, and customer lists, the document lists several outside organizations with which Davia Temin is closely affiliated in a professional capacity. (*See* Dkt. No. 1-2, at 9 of 148). *See, e.g.*, *Matter of New York Times Co.*, 828 F.2d 110, 114-16 (2d Cir. 1987) (privacy concerns of non-parties weigh heavily in deciding whether to seal documents). The public filing of this information exposes Davia Temin to reputational damages through revealing third-party affiliations to these unchallenged and unproven allegations.

Plaintiff's NDA aside, the Federal Rules of Civil Procedure allow for broad discovery rights, but not self-help. Courts have repeatedly acknowledged that parties are not free to abandon the discovery rules by taking materials directly from potential litigation adversaries. *See, e.g., JDS Uniphase Corp. v. Jennings*, 473 F. Supp. 2d 697, 704 (E.D. Va. 2007) (summarizing cases standing for the proposition that "an employee, even if aggrieved, should not engage in self-help by wrongfully retaining an employer's documents; but instead the employee should file suit and seek the documents via subpoena."). Plaintiff has shown disregard for both her obligations under the NDA and for the integrity of the litigation and discovery process.[4]

Therefore, to prevent further harm to Defendants, Defendants respectfully request an Order sealing Document 1-2 as soon as possible, and ordering redaction of Complaint paragraphs

---

[4] The availability of discovery is part of the court's assertion of control over the litigation process, which control is threatened when a party engages in "self-help." *In re Shell Oil Refinery*, 143 F.R.D. 105, 108 (E.D. La. 1992) (finding that a party who obtained documents from its adversary through unauthorized means "effectively circumvented the discovery process," requiring forfeiture of documents in question); *Pillsbury v. Schectman*, 64 Cal. Rptr. 2d 698, 705 (Cal. Ct. App. 1997) (holding that a departing employee who resorts to self-help to obtain documents from employer "outside the legal process does so without the general protections afforded by the laws of discovery and risks being found to have violated protected rights").

Hon. Edgardo Ramos
*Ramirez v. Temin & Company et al.*
August 27, 2020

70, 75 (subparts inclusive), 124, 134, 135, 137, 182, fn. 10, 232, 270, 271, 275, 276, 282, 283, 284.

Pursuant to the Court's Individual Practices Section 3(ii), we respectfully enclose a redacted version of the Complaint and redacted version of the Turnkey Document and, though they already are filed, we separately file under seal the Complaint with highlighted paragraphs for redaction in addition to the unredacted Turnkey Document under seal.

Defendants thank the Court for its consideration of this request.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*s/ Michael Nacchio*

Michael Nacchio

cc:   Keenan & Bhatia, LLC (Via ECF)

44034885.1